UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY,<br><br>         Plaintiff(s),<br><br> v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY,<br><br>         Defendant(s). | Case No. 2:19-CV-959 JCM (VCF)<br><br>ORDER |

   Presently before the court is the matter of *Wilmington Savings Fund Society, FSB v. Fidelity National Title Ins. Co.*, case number 2:19-cv-00959-JCM-VCF. On November 25, 2019, the parties stipulated to stay the instant action pending the Ninth Circuit's decision in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. case no. 19-17332 (district court case no. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* appeal"). (ECF No. 18). The court granted that stipulation the next day. (ECF No. 17). Nonetheless, defendants' motion to stay case (ECF No. 14) remains pending. The court denies that motion as moot.

   The parties indicate that they "anticipate that the Ninth Circuit Court of Appeals' decision in the *Wells Fargo II* Appeal will likely touch upon issues regarding the interpretation of the Form Policy and the reasonableness of the insurer's denial, that could potentially affect the disposition of the other Actions, including the instant action," and further represent as follows:

> both of the Parties agree that it is appropriate and desirous to stay the instant action pending the disposition of the Wells Fargo II Appeal, that a stay of the instant action will not prejudice either of the Parties, and that a stay of the instant action will best serve the interests of judicial economy (given the possibility that the Ninth Circuit Court of Appeals' decision on the Wells Fargo II Appeal might affect the disposition of this case)

(ECF No. 18 at 2).

**James C. Mahan**
**U.S. District Judge**

The court agrees that that the Ninth Circuit's decision in the *Wells Fargo II* appeal will likely control the disposition instant action. At the very least, the Ninth Circuit's decision will significantly impact defendants' motion to dismiss, which remains pending. (ECF No. 8). The court now dismisses that motion without prejudice and instructs defendants to refile their motion after the stay in this case has been lifted and, if appropriate, brief the impact the *Wells Fargo II* appeal has on the instant action.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to stay case (ECF No. 14) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 8) be, and the same hereby is, DENIED without prejudice.

DATED July 13, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**